**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| **FIRECLEAN, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:16-cv-293-TSE/JFA |
| ) | |
| **GEORGE FENNELL,** *et al*. ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING ARGUMENT AND EVIDENCE OF CONSPIRACY AT TRIAL**

COME NOW the Defendants, George Fennell and Steel Shield Technologies, Inc. (hereinafter "Defendants"), by and through counsel, Helen Neighbors and the law firm of Franklin & Prokopik, P.C., and pursuant to the Federal Rule of Civil Procedure hereby move this Court to preclude Plaintiff from presenting argument and evidence of conspiracy at trial. In support thereof, Defendants respectfully state as follows:

**BACKGROUND**

This is an action for false advertising and defamation allegedly arising out of statements made by Defendant George Fennell ("Mr. Fennell") on his personal Facebook page and a reposting of a demonstration video on Weapon Shield's business Facebook page. Defendant Steel Shield Technologies, Inc., is the producer of Weapon Shield CLP, a firearm cleaner, lubricant and protectant invented by Mr. Fennell. Plaintiff asserts that Mr. Fennell made statements about the "nature, characteristics, and qualities" of Plaintiff's product, FIREClean (a firearm lubricant) that are allegedly false and defamatory. The case is set for a five-day jury trial beginning on March 7, 2017.

Plaintiff has filed suit alleging one count of false advertising under the Lanham Act, and one count of defamation under Virginia law. Plaintiff has never made an allegation of civil conspiracy in this case. Nonetheless, Plaintiff has indicated that it intends to argue at trial that Mr. Fennell acted in concert with another individual, who is not a party to this lawsuit, in order to damage Plaintiff's business.

## APPLICABLE LAW

The Federal Rules of Evidence provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401  Relevant evidence is admissible unless prohibited by the U.S. Constitution, federal statute, or the federal rules. Fed. R. Evid. 402. Additionally, the court may exclude relevant evidence "if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *U.S. v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The admission or exclusion of evidence is left to the court's discretion. *U.S. v. Bailey*, 990 F.2d 119, 122 (4th Cir. 1993).

## ARGUMENT

Plaintiff has pled false advertising and defamation against Defendants. Any evidence of an alleged conspiracy with a third party is highly irrelevant to the case before the Court. It would not assist the trier of fact in any way to determine whether Defendants engaged in false advertising or defamation. In fact, it would have <u>great</u> prejudicial value in that such an argument, if permitted, would confuse the issues in the case, mislead the jury, and waste the Court's time on unrelated matters.

   a. **Evidence of an alleged conspiracy is irrelevant and thus inadmissible.**

By definition, an allegation of conspiracy requires that two or more people are involved in the plot or scheme. See Va. Code § 18.2-499 (statutory conspiracy to injure others in their reputation, trade, business or profession requires participation of "any two ore more persons who combine, associate, agree, mutually undertake or concert together . . . ."); *Michigan Mut. Ins. Co. v. Smoot*, 128 F. Supp. 2d 917, 924 (E.D. Va. 2000); *Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 214, 754 S.E.2d 313, 317 (2014). In the Amended Complaint, Plaintiff alleges that Mr. Fennell, in his individual capacity, made defamatory and false comments about its product. Plaintiff also alleges that Steel Shield Technologies, Inc., is vicariously liable for Mr. Fennell's comments. Plaintiff has advised Defendants it intends to introduce evidence that Mr. Fennell was "working in tandem" with another individual when he made his comments. Plaintiff never alleges that Mr. Fennell combined, associated, agreed, mutually undertook or concerted with another individual in order to harm Plaintiff's business. Evidence of a conspiracy or any suggestion that Mr. Fennell acted in concert with another person, is totally unrelated to the claims at issue in this case and should therefore be excluded as irrelevant.

   b. **Evidence of an alleged conspiracy would confuse the issues in the case, mislead the jury, and waste the Court's time.**

Assuming for a moment that evidence of a conspiracy was relevant in any way to the claims in this case, its admission into evidence would be more prejudicial than probative. It would serve to confuse the issues because the true question is whether Mr. Fennell's statements were false advertising and/or defamatory, not whether he acted in conjunction with another person. It would also mislead the jury and take their focus away from the true issues in the case. Finally, allowing Plaintiff to suggest that Mr. Fennell conspired with another person would be a waste of the Court's time in an already lengthy trial.

## CONCLUSION

WHEREFORE, Defendants respectfully request this Court grant its motion and enter an order precluding Plaintiff from presenting argument or evidence of conspiracy at trial.

Dated:  January 24, 2017.                                   Respectfully submitted,


/s/
Helen D. Neighbors (VSB No. 48607)
FRANKLIN & PROKOPIK, P.C.
2325 Dulles Corner Boulevard
Suite 1150
Herndon, VA 20171
Telephone: (703) 793-1800
Facsimile: (703) 793-0298
hneighbors@fandpnet.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Bernard J. DiMuro, Esq. (VSB No. 18784)
Stacey Rose Harris, Esq. (VSB No. 65887)
DIMUROGINSBERG, P.C.
1101 King Street, Suite 610
Alexandria, Virginia  22314-2956
Tel: (703) 684-4333
Fax: (703) 548-3181
bdimuro@dimuro.com
sharris@dimuro.com


 /s/
Helen D. Neighbors